1  Daniel F. Lula, Bar No. 227295
   E-mail: dfl@paynefears.com
2  Robert T. Matsuishi, Bar No. 259182
   E-mail: rtm@paynefears.com
3  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
4  Irvine, California 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212

6  Attorneys for Defendant
   BARRINGTON BANK & TRUST COMPANY, N.A.
7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11  ABELARDO MARTINEZ, JR, an          Case No.  8:18-cv-2069
    individual, and BRITTNEY MEJICO,
12  an individual,                     [*Orange County Superior Court, Case
                                       No.* 30-2018-01023234-CU-CR-CJC]
13              Plaintiffs,
                                       **PETITION AND NOTICE OF
14      v.                             REMOVAL OF CIVIL ACTION
                                       UNDER 28 U.S.C. § 1441(b)
15  BARRINGTON BANK & TRUST            (DIVERSITY JURISDICTION)**
    COMPANY, N.A., a national banking
16  association; and DOES 1-10, inclusive,

17              Defendants.

18

19      **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

20  **DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR COUNSEL OF**

21  **RECORD:**

22

23      PLEASE TAKE NOTICE that Defendant Barrington Bank & Trust

24  Company, N.A., hereby removes this action from the Superior Court of the State of

25  California for the County of Orange to the United States District Court for the

26  Central District of California on the following grounds:

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

- 1 -

1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# I.    <u>INTRODUCTION</u>

1.    This Court has jurisdiction over this action because complete diversity exists between Plaintiffs Abelardo Martinez and Brittney Mejico ("Plaintiffs"), and Defendant Barrington Bank & Trust Company, N.A. ("Defendant").

2.    Plaintiffs are citizens of the State of California and were citizens of California at the time of the filing of their Complaint.

3.    Defendant is now and was at the time this action was commenced a citizen of the State of Illinois within the meaning of 28 U.S.C. §1332.

4.    The amount in controversy exceeds $75,000.

5.    Pursuant to 28 U.S.C. § 1446(b)(1), this case is being removed within thirty (30) days of Plaintiffs' service of the Complaint on Defendant (an out-of-state party).

6.    This Court has jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000.  Accordingly, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

# II.    <u>THE STATE COURT ACTION</u>

7.    On or about October 4, 2018, Plaintiffs filed an action against Defendant titled "*ABELARDO MARTINEZ, JR, an individual, and BRITTNEY MEJICO, an individual, Plaintiffs, v. BARRINGTON BANK & TRUST COMPANY,*

*N.A., a national banking association; and DOES 1-10, inclusive*" in the Superior Court of the State of California, County of Orange, Case No. 30-2018-01023234-CU-CR-CJC (the "State Court Action").  A true and correct copy of the Complaint filed by Plaintiffs on October 4, 2018 is attached hereto as **Exhibit "A"** as part of the Index of Exhibits.  A true and correct copy of the Civil Case Cover Sheet filed by Plaintiffs on October 4, 2018 is attached hereto as **Exhibit "B"** as part of the Index of Exhibits.  A true and correct copy of the Notice of Case Assignment filed by the Court on October 4, 2018 is attached hereto as **Exhibit "C"** as part of the Index of Exhibits.  A true and correct copy of the Payment Receipt filed by the Court on October 5, 2018 is attached hereto as **Exhibit "D"** as part of the Index of Exhibits.  A true and correct copy of the Summons filed by Plaintiffs on October 5, 2018 is attached hereto as **Exhibit "E"** as part of the Index of Exhibits.

8.     Upon information and belief, the Complaint and Summons in the State Court Action was sent to Defendant by mail on October 11, 2018.  Under California Code of Civil Procedure § 415.40, service by this method is "deemed complete on the 10th day after such mailing," or October 21, 2018.  Thirty days from service have not yet elapsed, and therefore, this removal is timely under 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .").

9.     The Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Payment Receipt, and Summons constitute the pleadings, process, and orders, filed and served upon or by Plaintiffs and/or Defendant in the State Court Action. Exhibits "A" through "E" are attached hereto as part of the Index of Exhibits.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

III.   **THERE IS COMPLETE DIVERSITY BETWEEN BOTH PLAINTIFFS AND DEFENDANT**

10.     The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Here, Defendant is not a citizen of the State of California now or at the time when Plaintiffs' State Court Action incepted on October 4, 2018.

A.     **Plaintiffs are Citizens of the State of California**

19.     Both Plaintiffs allege that they are residents of the State of California. (*See* Exh. "A," ¶ 7.)

20.     While "[r]esidence alone is not the equivalent of citizenship … the place of residence is *prima facie* the domicile."  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Hester v. Horowitz*, No. 14-00413 JMS-KLP, 2015 WL 127890, at *2 (D. Haw. Jan. 8, 2015) ("Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile.").  It is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *State Farm,* 19 F.3d at 519; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11.     To establish citizenship of a natural person for diversity purposes, the party must be both a citizen of the United States and a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  A

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   person's "domicile" is the place where he or she resides, with the intent to remain or

2   to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing

3   *Lew,* 797 F.2d at 749).  Domiciliary is determined at the time the lawsuit was filed.

4   *Stroteck Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

5

6       12.    Accordingly, Plaintiffs are citizens of the State of California when the

7   State Court Action was filed and when this Petition and Notice was filed.

8

9       **B.    Defendant is not a Citizen of the State of California**

10

11      13.    If a party is a national bank, it is a citizen of the state in which its main

12  office is located.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *Chavez v.*

13  *JPMorgan Chase & Co.*, 888 F.3d 413, 415, n. 1 (9th Cir. 2018).

14

15      14.    Plaintiffs allege that Defendant's main office is located in Barrington,

16  Illinois.[1]  (*See* Exh. "A," ¶ 9.)  Thus, Defendant is an Illinois citizen and is diverse

17  as to Plaintiffs.

18

19      21.    Since Plaintiffs are citizens of California and Defendant is a citizen of

20  Illinois, complete diversity exists between Plaintiffs and Defendant.

21

22

23

24

25  _____

26      [1] Although Wintrust Mortgage is not a named defendant, it is important to
27  note that it, also, is alleged by Plaintiffs to be a citizen of Illinois.  (*See* Exh. "A," ¶
    9.)

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

22.     According to 28 U.S.C. § 1332(a), "[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." *See also Matheson v. Progressive Specialty Ins., Co*., 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

23.     In addition to statutory damages of $4,000 per violation pursuant to California Civil Code section 52(a), Plaintiffs seek attorneys' fees and costs, and injunctive relief.  (*See* Exh. "A," pp. 11-12.)

24.     As the Ninth Circuit held in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), "[t]he amount in controversy [for removal purposes] may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id*. at 416.

25.     Here, the costs associated with the injunctive relief Plaintiffs seek is greater than the amount needed to meet the requisite jurisdictional requirements.[2]

_____

[2] Assuming for purposes of argument that Plaintiffs object to the introduction of Defendant's costs to comply with the requested injunction to determine the amount in controversy; District Courts in this Circuit have specifically rejected attempts by plaintiffs to unilaterally determine a defendant's costs to comply with an injunction in order to defeat removal jurisdiction.  *See William G. Silverstein v. Keynetics, Inc., et al. Additional Party Names: Click Sales Inc.*, No. LACV1804100JAKAGRX, 2018 WL 5795776, at *6 (C.D. Cal. Nov. 5, 2018) (Kronstadt, J.) ("Defendants are better informed than Plaintiff to evaluate the current
(footnote continued)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (the liberal pleading standard regarding the amount in controversy allegation is applicable to a defendant's notice of removal on diversity grounds, whereby the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Therefore, Defendant has met its burden of showing that the amount in controversy in this action exceeds $75,000, and is sufficient for removal jurisdiction.

## V.   REMOVAL IS TIMELY

26.     This Notice of Removal is timely because this action is being removed within 30 days after service of the State Court Action on Defendant. *See* 18 U.S.C. § 1446(b)(1); Cal. Code Civ. Proc. § 415.40 (service by mail on defendants outside California becomes effective 10 days after mailing).

27.     Here, service of Plaintiffs' Complaint on Defendant (an out of state party) was deemed complete on on October 21, 2018. The Complaint provided information from which Defendant could first ascertain that complete diversity exists between Plaintiffs and Defendant (who is a resident of Illinois), and the case is one which is removable.

28.     Accordingly, removal of the action within 30 days of service of the Complaint in the State Court Action is timely.

state of their technology and the requirements of a system that could be integrated with their existing technology, and would comply with the requested injunction.")

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## VI.    ASSIGNMENT TO THE SOUTHERN DIVISION IS PROPER

2

3        29.     Assignment to the Southern Division of the Central District of

4   California is proper because the State Court Action filed by Plaintiff is pending in

5   the Superior Court of Orange County.  28 U.S.C. § 1446(a).

6

7                             ## VII.    CONCLUSION

8

9        30.     For the reasons stated above, this Court has jurisdiction under 28

10  U.S.C. § 1332 because this is a civil action between citizens of different states, and

11  the matter in controversy exceeds $75,000, exclusive of interest and costs.

12

13       31.     Accordingly, Defendant respectfully requests that this Court exercise

14  its removal jurisdiction over this action.

15

16  DATED:  November 19, 2018          PAYNE & FEARS LLP
                                       Attorneys at Law
17

18

19

20                                     By:  _____
                                                  /s/Daniel F. Lula
21                                           DANIEL F. LULA

22                                     Attorneys for Defendant
                                       BARRINGTON BANK & TRUST
23                                     COMPANY, N.A.

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## INDEX OF EXHIBITS

2

3  **EXHIBIT**                 **DESCRIPTION**

4

5  EXHIBIT "A":        Complaint filed by Plaintiffs on October 4, 2018

6

7  EXHIBIT "B":        Civil Case Cover Sheet filed by Plaintiffs on October 4, 2018

8

9  EXHIBIT "C":        Notice of Case Assignment filed by the Court on October 4,
10                             2018

11

12  EXHIBIT "D":        Payment Receipt filed by the Court on October 5, 2018

13

14  EXHIBIT "E":        Summons filed by Plaintiffs on October 5, 2018

15

16

17  4821-6969-9200.1

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100